IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **RONALD MCCOY dba THE REAL MCCOYS INTERNATIONAL REALTY GROUP,** | § § § § | |
| Plaintiff | § § | Civil Action No. 4:23-cv-1073 |
| *versus* | § § § | |
| **STEVEN CRAIG MCCOY *dba* THE REAL MCCOY TEAM, LENA MCCOY *fka* OLENA MASLENNIKOVA *dba* THE REAL MCCOY TEAM, MICHAEL MCCOY *dba* THE REAL MCCOY TEAM, MARTHA MCCOY *aka* MARTHA ANETTE VERA *aka* MARTHA MCCURDY, POWER OF THE CLOVER, LLC *dba* THE REAL MCCOY TEAM** | § § § § § § § § § § | **Jury Demand** |
| Defendants. | § § | |

**ORIGINAL COMPLAINT**

Plaintiff Ronald McCoy *dba* The Real McCoys International Realty Group ("Plaintiff"), by and through undersigned counsel, brings this action for trademark infringement, false designation of origin, unfair competition, and cybersquatting against Defendants Steven Craig McCoy *dba* The Real McCoy Team and Lena McCoy *fka* Olena Maslennikova *dba* The Real McCoy Team (collectively "the McCoy Defendants") and Michael Mccoy *dba* The Real McCoy Team, Martha Mccoy *aka* Martha Anette Vera *aka* Martha Mccurdy, Power Of The Clover, LLC *dba* The Real Mccoy Team (collectively "the Clover Defendants") as follows:

## I.    NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, unfair competition and cybersquatting under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d).

2. Plaintiff seeks injunctive relief, damages, Defendant's profits, treble damages, statutory damages, costs, and reasonable attorneys' fees.

## II.    JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that at least one of the Defendants reside in this district, all Defendants do business in this district, and a substantial portion of the events giving rise to the claims herein occurred in this district.

## III.    THE PARTIES

5. Plaintiff Ronald McCoy resides at 7812 Merit Lane Plano, Texas 75024 and does business as "The Real McCoys International Realty Group".

**A.    The McCoy Defendants**

6. On information and belief, Defendant Steven Craig McCoy resides at 3404 Springhouse Way Celina, TX 75009 and does business as "The Real McCoy Team".

7. On information and belief, Defendant Lena McCoy *fka* Olena Maslennikova resides at 3404 Springhouse Way Celina, TX 75009 and does business as "The Real McCoy Team."

B.  **The Clover Defendants**

8. On information and belief, Defendant Michael McCoy resides at 106 Woodlawn Ave, Strawn, TX 76475.

9. On information and belief, Defendant Martha McCoy *aka* Martha Anette Vera *aka* Martha McCurdy resides at 106 Woodlawn Ave, Strawn, TX 76475.

10. Defendant Power of the Clover, LLC is a Texas limited liability company with a registered office address of 106 Woodlawn Ave, Strawn, TX 76475.

11. On information and belief, Martha McCoy and Michael McCoy are the sole managers and alter egos of Defendant Power of the Clover, LLC.

### IV.  FACTUAL ALLEGATIONS

A.  **Plaintiff's "The Real McCoys" Mark**

12. Since at least as early as June 1, 2002 Plaintiff has used the mark THE REAL MCCOYS (the "Mark") in US commerce for real estate brokerage services throughout the Dallas Fort Worth metroplex in Texas.

13. Plaintiff's real estate brokerage services under the Mark comprise, *inter alia*, providing real estate listings and real estate information.

14. Plaintiff has acquired valuable common law rights in his Mark in connection with his real estate brokerage services.

15. The Mark has become uniquely associated with Plaintiff and his real estate brokerage services.

16. On November 10, 2020, Plaintiff received a federal trademark registration from the United States Patent and Trademark Office for his Mark in connection with real estate brokerage services (Reg. No. 6193542).

### B.  McCoy Defendants' Infringing Use of "The Real McCoy Team"

17. Prior to 2020, the McCoy Defendants had been using the phrase "Steven McCoy Real Estate" or variations thereof, in commerce, to provide real estate listing and real estate information services throughout the Dallas Fort Worth metroplex in Texas.

18. On information and belief, in or around the Fall of 2019 or the Spring of 2020, the McCoy Defendants began using the phrase THE REAL MCCOY TEAM in connection with the same or similar real estate services under the Mark.

19. The McCoy Defendants have used THE REAL MCCOY TEAM mark in commerce in connection with their real estate services without Plaintiff's consent.

20. Plaintiff did not become aware that the McCoy Defendants were using THE REAL MCCOY TEAM mark for their real estate brokerage services until 2021.

21. Specifically, Plaintiff first learned that the McCoy Defendants were using THE REAL MCCOY TEAM mark when his clients started expressing confusion relating to Defendants' use of THE REAL MCCOY TEAM on Re/Max signs and wrapped vehicles.

22. On July 13, 2023, Plaintiff, via his counsel, sent a cease and desist letter to Defendants demanding that they cease use of THE REAL MCCOY TEAM mark.

23. As of the date of this Complaint, the McCoy Defendants continue to use THE REAL MCCOY TEAM mark for their real estate brokerage services.

### C.  The Clover Defendants' Infringing Use of "The Real McCoy Team"

24. In or around 2015, the Clover Defendants began using "the Real McCoy Team" or variations thereof to provide real estate services in the Dallas-Fort Worth area without Plaintiff's consent.

25. On January 12, 2022, Martha McCoy executed an assumed name certificate for "The Real McCoy Team Real Estate Services" on behalf of Defendant Power of the Clover.

26. From March 10, 2023 through May 16, 2023, Defendant Power of the Clover was administratively terminated as a Texas entity.

27. At least as of November 28, 2023 Defendant Power of the Clover shares the same contact phone number as Michael McCoy's personal cell phone.

28. As the sole managers of Power of the Clover, Defendants Michael and Martha McCoy individually or collectively induced the infringing activity by Defendant Power of the Clover as described herein.

29. Plaintiff did not become aware that the Clover Defendants were using THE REAL MCCOY TEAM mark for their real estate brokerage services until November 15, 2023.

30. Specifically, Plaintiff first learned that the Clover Defendants were using THE REAL MCCOY TEAM mark after Defendant Steven McCoy informed them of it during a prelitigation meeting.

### COUNT I: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

31. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

32. Plaintiff has valid and protectable rights in his registered Mark.

33. Defendants' infringement is and has been willful, intentional, and purposeful.

34. Also, in 2022 Plaintiffs received an inquiry incorrectly associating a listing that comprised a Real McCoys sign with the Plaintiffs.

35. Accordingly, Defendants' individual and collective uses of THE REAL MCCOY TEAM mark for identical or highly related real estate brokerage services is likely to cause confusion among relevant consumers.

36. Further, consumer confusion between the Parties' respective marks is inevitable.

37. Defendants' use of THE REAL MCCOY TEAM mark for identical or highly related real estate brokerage services violates Plaintiff's exclusive rights in his Mark.

38. Defendants' actions constitute infringement of Plaintiff's registered Mark in violation of 15 U.S.C. § 1114.

39. As a result of Defendants' infringing actions, Plaintiff has suffered irreparable injury and monetary damages.

### COUNT II: FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

40. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

41. Plaintiff enjoys common law rights in the Mark in connection with his real estate brokerage services.

42. Defendants' use of THE REAL MCCOY TEAM mark for identical or highly related real estate brokerage services is likely to cause consumer confusion as to the origin and sponsorship of Defendants' services.

43. By misappropriating and trading upon Plaintiff's Mark, Defendants misrepresent and falsely describe the origin and sponsorship of their services.

44. Defendants' actions constitute false designation of origin, association, sponsorship, affiliation, connection, endorsement and approval in violation of 15 U.S.C. § 1125(a).

45. As a result of Defendants' infringing actions, Plaintiff has suffered irreparable injury as well as monetary damages.

**COUNT III: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

46. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

47. Plaintiff enjoys common law rights in his Mark in connection with his real estate brokerage services.

48. Defendants have infringed Plaintiff's rights by using a confusingly similar variation of Plaintiff's Mark in commerce in connection with identical or related services without Plaintiff's consent.

49. Defendants have engaged in unfair competition through unauthorized use of Plaintiff's Mark.

50. As a result of Defendants' willful, intentional and purposeful infringing actions, Plaintiff has suffered irreparable injury.

**COUNT IV: CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)**

51. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

52. Plaintiff enjoys common law and federal rights in his Mark in connection with his real estate brokerage services.

53. The McCoy Defendants registered various domain names incorporating Plaintiff's Mark, including www.**therealmccoy**realestateteam.com, www.facebook.com/**RealMcCoy**RE, www.instagram.com/**realmccoy**re, and www.remax.com/real-estate-teams/**real-mccoy**-real-estate-team-mckinney-tx/102056283  (emphases added).

54. The Clover Defendants registered various domain names incorporating Plaintiff's Mark, including www.**therealmccoy**team.com, www.facebook.com/the**realmccoy**team, and www.instagram.com/the**realmccoy**team (emphases added).

55. The Infringing Domain Names are identical or confusingly similar to Plaintiff's Mark.

56. On information and belief, Defendants registered and began using the Infringing Domain Names with the bad faith intent to profit from Plaintiff's Mark.

57. Defendants had no intellectual property rights in the Mark when they registered the Infringing Domain Names.

58. Defendants have no prior use of the Mark in connection with the *bona fide* offering of any goods or services.

59. Defendants registered and began using the Infringing Domain Name with full knowledge of Plaintiff's prior rights in the Mark.

60. Defendants' actions constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

61. As a result of Defendants' cybersquatting Plaintiff has suffered irreparable injury as well as monetary damages.

**COUNT V: CONTRIBUTORY TRADEMARK INFRINGEMENT BY MICHAEL AND MARTHA MCCOY**

62. Plaintiff repeats and alleges the foregoing paragraphs as is fully set forth herein.

63. Defendants Michael McCoy and Martha McCoy actively and knowingly induced, caused, encouraged, facilitated, and materially contributed to Defendant Power of the Clover's unauthorized use of Plaintiff's Mark.

64. By virtue of their positions as managers and alter egos of Defendant Power of the Clover, Defendants Michael McCoy and Martha McCoy had the right and ability to supervise and control the actions of Defendant Power of the Clover described herein.

65. As a result of the Clover Defendants' contributory trademark infringement, Plaintiff has suffered irreparable injury and monetary damages.

**COUNT VI: PIERCING THE CORPORATE VEIL/ALTER EGO AS TO THE CLOVER DEFENDANTS**

66. Plaintiff repeats and alleges the foregoing paragraphs as if fully set forth herein.

67. Defendants Michael McCoy and Martha McCoy exercised complete dominion and control over Defendant Power of the Clover, LLC during times relevant to this action.

68. Adherence to the fiction of Power of the Clover's separate existence would promote injustice and unfairness.

69. The principal-agent relationship between Michael McCoy, Martha McCoy and Power of the Clover does not shield Defendants Michael McCoy and Martha McCoy from personal liability for Power of the Clover's infringing acts.

70. Defendant Power of the Clover was organized and operated as a tool and conduit for Defendants Michael McCoy and Martha McCoy's infringing acts.

**PRAYER FOR RELIEF**

71. Plaintiff requests the following relief:

A. That the Court enter judgment in Plaintiff's favor on all counts;

B. That the Court award Plaintiff monetary damages he has sustained as a result of Defendants' infringing activities, including Defendants' profits and three times Plaintiff's actual damages;

C. That the Court award statutory damages under 15 U.S.C. § 1117(c) or (d) of up to $2 million for willful use of a counterfeit mark and cybersquatting;

D. That the Court permanently enjoin Defendants and those in active concert with them from using THE REAL MCCOY TEAM mark and any other mark confusingly similar to Plaintiff's Mark;

E. That the Court award Plaintiff his reasonable attorneys' fees pursuant to at least 15 U.S.C. § 1117;

F. That the Court award Plaintiff interest, costs and disbursements; and

G. That the Court award any other and further relief it deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated this December 6, 2023.

                                                                Respectfully Submitted,

                                                                Leavitt Eldredge Law Firm

                                                                  /Brandon J. Leavitt/
                                                                Brandon James Leavitt
                                                                Tx Bar No. 24078841

                                                                4204 SW Green Oaks Blvd., Suite 140
                                                                Arlington, TX 76107

                                                                (214) 727-2055
                                                                brandon@uslawpros.com

                                                                **ATTORNEYS FOR PLAINTIFF**